PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:17CR110 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| MARLON CLEMONS, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendant. ) | **ORDER** [Resolving ECF Nos. 13, 15] |

Pending before the Court are Defendant's Motion to Suppress (ECF No. 13) and Motion in Limine (ECF No. 15). The Government responded. ECF No. 17. During the June 5, 2017 Final Pretrial Conference, the Court heard from counsel on both Motions.[1] For the following reasons, the Motion to Suppress is denied, in part, and the Government agrees to self-suppress the third statement. In the alternative, the Motion to Suppress is granted, in part. The Government also agrees to self-suppress the facts underlying the arrest warrant. In the alternative, the Motion in Limine is granted.

---

[1] Because the parties agree on the facts, and only legal disputes remain, the Court need not conduct an evidentiary hearing on the matter. *United States v. Montgomery*, 395 F. Appx' 177, 187 (6th Cir. 2010) (citing *United States v. Black*, 181 F.3d 1034, 1999 WL 357759, at *3 (6th Cir. 1999) and *United States v. Mejia*, 69 F.3d 309, 318 (9th Cir. 1995)) ("A district court is required to hold an evidentiary hearing 'when the defendant has set forth contested issues of fact that bear upon the legality of a search.'").

(1:17CR110)

**I. Motion to Suppress (ECF No. 13)**

Defendant moves to suppress three statements made during his arrest and while in custody, as well as evidence obtained during the search of Defendant's mother's rental vehicle. For the following reasons, Defendant's Motion to Suppress the first two statements is denied. The third statement is self-suppressed, or in the alternative, the Motion to Suppress the third statement is granted. Defendant's Motion to Suppress evidence from the search of the vehicle is denied.

**A. Background**

On January 23, 2017, members of the Northern Ohio Violent Fugitive Task Force ("NOVFTF"), aware that Defendant was under indictment and had a pending arrest warrant in a separate case, attempted to locate and arrest Defendant. ECF No. 17 at PageID #: 58–59. After conducting surveillance on Defendant's girlfriend's residence, members of NOVFTF positively identified Defendant. Id. at PageID #: 59. NOVFTF members then watched Defendant and his girlfriend enter a silver Nissan Altima with Florida license plates—Defendant as driver, and his girlfriend as passenger. Id. After the pair pulled out of the driveway, NOVFTF members activated their overhead emergency lights and stopped the car. Id.

As Task Force Officer ("TFO") Cantlin attempted to remove Defendant from the car, Defendant voluntarily stated, without being questioned, "I have a gun." ECF No. 13 at PageID #: 43; ECF No. 17 at PageID #: 59. The officers asked Defendant where the gun was located, to which he replied, "It's under my seat." ECF No. 13 at PageID #: 43; ECF No. 17 at PageID #: 60. Officers ordered Defendant to exit from the car and performed a search, which yielded a

2

(1:17CR110)

firearm, a Taurus, Model PT145 PRO, .45 caliber pistol, serial number NDR57880, under the driver's seat. ECF No. 17 at PageID #: 60. The firearm was loaded with .45 caliber ammunition. *Id*. During transport from the arrest location to Garfield Heights Jail, an officer asked Defendant if he thought the gun was stolen. *Id*. He replied, "I didn't steal it, I bought it in the streets." ECF No. 13 at PageID #: 43; ECF No. 17 at PageID #: 60.

After his arrest, NOVFTF determined that the Nissan was a rental vehicle not owned by Defendant or his girlfriend. ECF No. 17 at PageID #: 60. Defendant's mother had rented the vehicle from Enterprise Rent-A-Car ("Enterprise"). ECF No. 13 at PageID #: 43; ECF No. 17 at PageID #: 60. It was not until Defendant's mother arrived on the scene of the arrest, and NOVFTF telephonically confirmed the rental with Enterprise, that NOVFTF was able to release the vehicle to Defendant's mother. ECF No. 17 at PageID#: 60.

Defendant was indicted for possession of a firearm and ammunition in violation of Title 18, Sections 922(g)(1) and 924(e) of the United States Code.

**B. Discussion**

Defendant moves to suppress his statements, arguing that they were made in violation of his *Miranda* rights. ECF No. 13. Defendant also contends that the search of the vehicle was a warrantless search, and, accordingly, the firearm must be suppressed. *Id*. For the following reasons, Defendant's Motion to Suppress his first two statements and his Motion to suppress the firearm are denied. Defendant's Motion to Suppress his third statement is granted.

(1:17CR110)

### i. Defendant's First Statement

Defendant argues that he was not advised of his *Miranda* rights, and, therefore, his statement that "I have a gun" must be suppressed. ECF No. 13 at PageID #: 44. The Fifth Amendment to the United States Constitution protects against self-incrimination. U.S. Const. amend. V. A "prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "[T]he term 'interrogation' under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980) (footnotes omitted). Volunteered statements of any kind are not barred by the Fifth Amendment, and their admissibility is not affected by *Miranda*'s holding. *Miranda*, 384 U.S. at 478; *United States v. Collins*, 683 F.3d 697, 703 (6th Cir. 2012).

There is no dispute that Defendant was detained when he made all three statements, and that he had not been advised of his rights under *Miranda*. ECF No. 17 at PageID #: 60. Nonetheless, Defendant's statement that he had a gun was voluntary. He told the officers about the gun without being prompted, and there is no indication that the officers otherwise compelled him to volunteer that he had a gun. Although Defendant "calls into question law enforcement's self-serving account that his initial statement was made with no questioning by law enforcement," ECF No. 13 at PageID #: 44, and argued at his Final Pretrial Conference that there

4

(1:17CR110)

was no video or audio recording of Defendant's statements, there is no such requirement that Defendant's statement be recorded. Nor does Defendant offer an alternative recounting of the facts indicating that the officers compelled his statement.

Furthermore, the officers would have been justified in asking Defendant outright whether he had a gun. *Miranda* does not prohibit officers from asking questions "necessary to secure their own safety or the safety of the public." *United States v. Williams*, 483 F.3d 425, 428 (6th Cir. 2007) (quoting *New York v. Quarles*, 467 U.S. 649, 659 (1984)). Given Defendant's violent criminal past,[2] it would have been permissible for the officers to ask him whether he had a gun without advising him of his rights under *Miranda*.

Accordingly, Defendant's voluntary statement that he had a gun is not barred by the Fifth Amendment, and the Motion to Suppress is denied as to the first statement.

### ii. Defendant's Second Statement

For the same reasons stated above, Defendant's second statement, "It's under my seat," is admissible. As discussed, officers may "ask 'questions necessary to secure their own safety or the safety of the public,' as opposed to 'questions designed solely to elicit testimonial evidence from a suspect, . . . [without] providing the warnings required by *Miranda*." *Williams*, 483 F.3d at 428 (quoting *Quarles*, 467 U.S. at 659). Again, given Defendant's violent criminal history, it

---

[2] At the time of his arrest, Defendant had convictions for Felonious Assault in 1999; Failure to Comply with Signal of Police Officer in 2007; Robbery in 2008; Felonious Assault in 2008; Attempted Escape in 2010; Escape in 2013; and Attempted Discharge of a Firearm into Habitation or School in 2016. *See* ECF No. 1 at PageID #: 1; ECF No. 17 at PageID #: 59, n.1.

5

(1:17CR110)

was reasonable for the officers to ask him about the location of the gun in order to ensure their own safety once Defendant admitted to having a gun. Accordingly, this statement is not barred by the Fifth Amendment, and the Motion to Suppress is denied as to the second statement.

### iii. Defendant's Third Statement

The Government agrees to self-suppress Defendant's third statement, "I didn't steal it, I bought it in the streets," conceding that TFO Cantlin's question was reasonably likely to elicit an incriminating response, and, therefore, required the administration of *Miranda* warnings prior to asking the question. In the alternative, the Motion to Suppress is granted. The statement shall not be used by the government in its case-in-chief.[3]

### iv. Firearm

Defendant argues that the rental car was illegally searched and the firearm officers found during the search should be suppressed. ECF No. 13 at PageID #: 43. In order to challenge a search under the Fourth Amendment, a defendant has the burden of establishing an actual, subjective expectation of privacy in the place being searched. *Rakas v. Illinois*, 439 U.S. 128, 138–40 (1978); *United States v. Smith*, 263 F.3d 571, 582 (6th Cir. 2001). This inquiry, similar to that of standing, is a threshold question. *Smith*, 263 F.3d at 582.

Defendant has not demonstrated a expectation of privacy in the rental vehicle, and, therefore, cannot challenge the search. When determining whether a driver has an expectation of

---

[3] During the June 5, 2017 Final Pretrial Conference, the Court explained to Defendant, on the record, that although the Government cannot use this statement in its case-in-chief, it could use the statement during cross-examination or in rebuttal, should justifying circumstances arise.

(1:17CR110)

privacy in a rental vehicle, the Sixth Circuit has instructed courts to look at various factors, such as whether the defendant was a properly licensed driver; whether the defendant was able to present the officer with a rental agreement; whether the defendant can identify some related individual who gave him possession of the car, or whether the authorized driver is an unrelated third party; whether the defendant's related party gave him permission to drive the vehicle; and "most significantly" whether the defendant had a business relationship with the rental company, such as having made the reservation, or presented it with a credit card number billed for the rental. *Id.* at 586.

In this case, the factors weigh against finding that Defendant had a reasonable expectation of privacy in the vehicle. Defendant did not rent the vehicle himself. His mother rented the vehicle, and Defendant did not provide the officers with a copy of the rental agreement when stopped. Nor does Defendant argue that he rented the vehicle, was an authorized driver on the rental agreement, or that he was the one to pick up the vehicle from Enterprise or pay for its rental. There is no evidence that Defendant, although licensed, had authority to drive the car. Accordingly, Defendant has not established an expectation of privacy in the rental vehicle. His Motion to Suppress the firearm is denied.

## II. Motion in Limine (ECF No. 15)

Defendant moves to preclude any evidence relating to allegations that Defendant was wanted by the Garfield Heights Police Department for Murder, and the Cleveland Police Department for Felonious Assault with a Firearm at the time of his arrest. ECF No. 15. Defendant contends that the evidence is not relevant pursuant to Fed. R. Evid. 402 and 403.

(1:17CR110)

The Government does not intend to introduce the underlying facts of Defendant's arrest warrant, only that an arrest warrant existed.  [ECF No. 17 at PageID #: 65](ECF No. 17 at PageID #: 65).  Accordingly, Defendant's charges are self-suppressed, or in the alternative, the Motion is granted.

IT IS SO ORDERED.

 June 9, 2017                          */s/ Benita Y. Pearson*
Date                                        Benita Y. Pearson
                                             United States District Judge